PHILLIP A. TALBERT
United States Attorney
BRIAN W. ENOS
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>         v.<br><br>ALDO DAVID ALCARAZ,<br><br>                    Defendant. | Case No. 1:21-cr-00205-ADA-BAM<br><br>**STIPULATION TO CONTINUE DECEMBER 14, 2022 STATUS CONFERENCE TO FEBRUARY 8, 2023; ORDER**<br><br>Ctrm: 8<br><br>Hon. Barbara A. McAuliffe |

   This case is set for a status conference on December 14, 2022. Dkt. 34. On May 13, 2020, this Court issued General Order 618, which suspended all jury trials in the Eastern District of California "until further notice." Under General Order 618, a judge "may exercise his or her authority to continue matters, excluding time under the Speedy Trial Act with reference to the court's prior General Order 611 issued on March 17, 2020 . . . with additional findings to support the exclusion in the Judge's discretion." General Order 618, ¶ 6 (E.D. Cal. May 13, 2020). In addition, any judge "may order case-by-case exceptions" to General Order 618's provisions "at the discretion of that Judge or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020). This and previous General Orders were entered to address public health concerns related to COVID-19.

   On May 26, 2021, and in part "given the progress in vaccination programs and the resulting lowering of risk to public health as evidenced by reductions in rates of infection, hospitalization and

death due to COVID-19", this Court issued General Order 631. Within General Order 631, this Court: (1) reopened the court to the public, (2) gave each judge the authority to "determine whether to hold proceedings over which that Judge presides in person in a courtroom or by telephone or videoconference" and (3) if "any Judge [elects to conduct] any criminal proceeding by telephone or video conference . . . [the Court] continues to authorize the use of telephone or video conference with a defendant's consent." General Order 631, ¶ ¶ 1, 4 and 5. (E.D. Cal. May 26, 2021). The court's above protocols were recently extended through December 17, 2022. General Order 655 (E.D. Cal. September 19, 2022).

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance

following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption created "appreciable difficulty" for the trial to proceed. *Id.* at 767-69; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).

The coronavirus is posing a similar, albeit much more enduring, "appreciable difficulty" to the prompt proceedings mandated by the statutory rules. Recently, the Ninth Circuit enumerated a "non-exhaustive" list of seven factors it found to be "relevant" in considering ends-of-justice Speedy Trial Act continuances "in the context of the COVID-19 pandemic." *United States v. Olsen*, --- F.3d ---, 2021 WL 1589359 at *7 (9th Cir. Apr. 23, 2021). That non-exhaustive list includes: (1) whether a defendant is detained pending trial; (2) how long a defendant has been detained; (3) whether a defendant has invoked speedy trial rights since the case's inception; (4) whether a defendant, if detained, belongs to a population that is particularly susceptible to complications if infected with the virus; (5) the seriousness of the charges defendant faces, and in particular whether the defendant is accused of violent crimes; (6) whether tahere is a reasons to suspect recidivism if the charges against the defendant are dismissed; and (7) whether the district court has the ability to safely conduct a trial. *Id*.

In light of the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). If continued, this Court should designate a new date for this matter's next status conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

**STIPULATION**

THE PARTIES HEREBY STIPULATE, through their respective attorneys of record, Assistant United States Attorney Brian W. Enos, counsel for the government, and Thomas P. Matthews, counsel for defendant Aldo David Alcaraz ("defendant"), that this action's **Wednesday, December 14, 2022 status conference be continued to Wednesday, February 8, 2023, at 1:00 p.m.** The parties likewise ask the court to endorse this stipulation by way of formal order.

The parties base this stipulation on good cause. Specifically,

1. By this stipulation, the parties move to continue the December 14, 2022 status conference

until February 8, 2023, as well as to exclude time between December 14, 2022 through February 8, 2023 pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(iv).

 2. The parties based this stipulation on good cause. To explain:

  a) In April 2022, the prosecution of this case was re-assigned to Assistant United States Attorney, Brian W. Enos. The government filed a designation of counsel form in this regard on April 26, 2022. Dkt. 24. The government has previously represented that discovery associated with this case has been either produced directly to counsel, or made available for inspection and copying. The government has further represented that the discovery associated with this case includes state and local law enforcement reports, body camera footage, the extraction of the defendant's phone, audio and video recordings of interviews with both the defendant and identified victims, etc. The government has also identified supplemental discovery containing reports about, and recordings of interviews with, two recently identified victims. This discovery has been either produced directly to counsel and/or made available for inspection and copying.

  b) The government delivered a proposed plea agreement to the defense for its analysis. Defense counsel is in the midst of analyzing this proposed agreement in light of evidence unearthed and discovery produced.

  c) Counsel for defendant desires additional time to consult with his client and to review the contraband evidence that remains in the custody of law enforcement, which is made more difficult because defense counsel is in San Diego and the defendant is in custody in Bakersfield, where the contraband material is also kept (HSI's Bakersfield Office). On this end, the parties are working on securing a date in January 2023 when all electronic evidence in this case can be reviewed at the FBI's Bakersfield Office. The government will ensure that it promptly assists the defense with any logistical issues attendant to this review, in accord with the parameters set forth within 18 U.S.C. § 3509 of the Adam Walsh Act.

  d) Defense counsel also desires additional time to review the charges, conduct investigation and research, to review the discovery, to consider the scope of potential pretrial motions, and to discuss potential resolution with his client and counsel for the government.

  e) Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

  f) The parties both agree to the continuance.  By the continued status conference date, the parties anticipate having a firmer grasp of the extent this case might be resolved prior to trial, or alternatively if a pretrial motions briefing schedule should be set.

  g) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

  h) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of December 14, 2022 through February 8, 2023, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A) and (B)(iv) because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

3. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  December 5, 2022       PHILLIP A. TALBERT
                 United States Attorney

                By: /s/ Brian W. Enos
                  Brian W. Enos
                  Assistant United States Attorney

                (*As authorized 12/5/22*)

Dated: December 5, 2022       By:/s/ Thomas P. Matthews
                 Thomas P. Matthews, Esq.
                 Attorney for Defendant
                 Aldo David Alcaraz

**O R D E R**

IT IS ORDERED that the status hearing currently set for December 14, 2022, at 1:00 pm is continued until **February 8, 2023, at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe**.

IT IS FURTHER ORDERED THAT the period of time from December 14, 2022, through February 8, 2023, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO ORDERED.

Dated:   **December 5, 2022**           /s/ Barbara A. McAuliffe
                                        UNITED STATES MAGISTRATE JUDGE