PHILLIP A. TALBERT
United States Attorney
BRIAN W. ENOS
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>      v.<br><br>ALDO DAVID ALCARAZ,<br><br>             Defendant. | Case No. 1:21-cr-00205-ADA-BAM<br><br>**STIPULATION TO CONTINUE MAY 15, 2023 HEARING ON MOTION TO SUPPRESS TO JULY 10, 2023 AND BRIEFING SCHEDULE PRECEDING SAME; ORDER**<br><br>Ctrm: 1<br><br>Hon. Ana de Alba |

THE PARTIES HEREBY STIPULATE, through their respective counsel, Assistant United States Attorney, Brian W. Enos, on behalf of the government, and Thomas Matthews, Esq., on behalf of defendant Aldo David Alcaraz ("Alcaraz"), to a five-week continuance of both this action's hearing on Alcaraz's suppression motion and remaining predicate briefing schedule as follows:

|    | CURRENT SCHEDULE | PROPOSED MODIFIED SCHEDULE |
|---|---|---|
| 1. Motion Filing - | March 13, 2023 (filed March 8) | |
| 2. Opposition Filing – | April 24, 2023 | May 29, 2023 |
| 3. Reply Brief Filing – | May 1, 2023 | June 5, 2023 |
| 4. Hearing on Motions – | May 15, 2023 | July 10, 2023 |

///

///

1

**STIPULATION**

The parties base this stipulation on good cause and therefore ask the court to endorse this stipulation by way of formal order. Specifically,

1. On February 1, 2023, and pursuant to the parties' stipulation, the court set an April 24, 2023 hearing date to address matters raised in Alcaraz's pending suppression motion, and pursuant to the above-referenced predicate briefing schedule. Dkt. 39.

2. On March 8, 2023, counsel for the government received Alcaraz's motion to suppress and supporting documentation. Despite exercising diligence in reviewing these papers, it was unable to complete its review of the motion, supporting documentation, other data in discovery relevant to the motion, as well as speak to this action's lead agent about the motion until March 30, 2023. This was in part due to the following:

 a) March 13 - preparing for and arguing two sentencing hearings (*United States v. Mayes*, 1:12-cr-211 JLT and *United States v. Turman*, 1:08-cr-207 JLT);

 b) March 13 - drafting and submitting a detailed response to a draft PSR on March 13, 2023 (*United States v. Kunkel*, 1:19-cr-29 ADA);

 c) March 20 - drafting and filing an opposition to a suppression motion in a separate case, as well as securing supporting declarations from four law enforcement officers each located in separate offices (*United States v. Binford*, 1:20-cr-150 ADA);

 d) March 26 and March 27 – drafting and filing pretrial motions, as well as a motion to determine competency (*United States v. Corral*, 2:22-cr-48 JCC); and

 e) March 28 – drafting and filing a sentencing brief (*United States v. Binford*, 1:20-cr-150 ADA).

3. By March 30, and after completing his review of Alcaraz's moving papers and relevant components of discovery in detail, it became apparent to counsel for the government that he would need to meet with both of this action's search warrant affiants to discuss issues addressed in Alcaraz's motion. As a result, the parties stipulated to continue the April 24, 2023 suppression hearing (and remaining pre-hearing filings) three weeks, or until May 15, 2023, so the government could analyze the electronic evidence in this case relevant to Alcaraz's arguments. Dkt. 42. The court endorsed the

1  parties' stipulation by way of formal order on April 4, 2023.  Dkt. 43.

2      4.    Since April 4, 2023, counsel for the government has been able to discuss the contents of
3  Alcaraz's motion with both search warrant affiants relating to this case, as well as analyze case evidence
4  relevant to the same.  As a result, on April 17 the parties continued with their discussions regarding a
5  potential resolution to this case.  These discussions culminated in the government's advising defense
6  counsel that it would be sending a new plea offer both substantively different to its prior offer, as well as
7  in consideration of the above-referenced discussions and analysis of the evidence.

8      5.    In order to continue with their current focus on resolving this case prior to trial, the
9  parties stipulate to a five-week continuance of the suppression hearing, as well as pre-hearing filings
10  relating to the same.  Counsel for the government will draft and send a revised plea offer to the defense
11  by the end of this week.  The proposed five-week continuance should therefore give defense counsel
12  enough time to analyze the new plea offer with Alcaraz in detail and communicate to the government
13  Alcaraz's response to the same prior to the government's new deadline by which to file opposition
14  papers.  If an agreement is reached by this time, the parties will contact the court asking to vacate the
15  suppression hearing and set a change of plea hearing.  If an agreement is not so reached, then the parties
16  will adhere to the proposed modified briefing schedule and appear at the July 10th suppression hearing.

17      6.    On this same date, counsel for the government also advised chambers of the parties'
18  intended stipulation in this regard.  The parties further learned that, should the court endorse this
19  stipulation by way of formal order, that it could accommodate the continued suppression hearing on its
20  July 10, 2023 calendar.

21      7.    Should this case proceed through the conclusion of the July 10 suppression hearing, the
22  parties will be prepared at that time to discuss with the district court prudent next steps (including court
23  appearances) necessary to meaningfully move the case forward.  Based on the above-stated findings, the
24  ends of justice served by continuing the case as requested outweigh the interest of the public and the
25  defendant in a trial within the original date prescribed by the Speedy Trial Act.

26      8.    For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq.,
27  within which trial must commence, the time period of May 15, 2023 through July 10, 2023, inclusive, is
28  deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A) and (B)(iv) because it results from a

continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. In addition, the time period of May 15, 2023 through July 10, 2023, inclusive, is further deemed excludable pursuant to 18 U.S.C. § 3161(h)(1)(D) because it results from "any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion."

IT IS SO STIPULATED.

Dated:  April 17, 2023                                      PHILLIP A. TALBERT
                                                            United States Attorney


                                                       By:  /s/ Brian W. Enos
                                                            Brian W. Enos
                                                            Assistant United States Attorney

                                                            (*As authorized 4/17/23*)

Dated: April 17, 2023                                  By: /s/ Thomas P. Matthews
                                                            Thomas P. Matthews, Esq.
                                                            Attorney for Defendant
                                                            Aldo David Alcaraz

**O R D E R**

IT IS ORDERED that

1. the hearing on the motion to suppress is continued from Monday, May 15, 2023 to Monday, July 10, 2023 (Ctrm 1, 10:00 am); and

2. the parties' adhere to the following modified briefing schedule in advance of the hearing;

   a. Government's opposition brief filing deadline – May 29, 2023,

   b. Reply brief filing deadline, if any – June 5, 2023.

IT IS FURTHER ORDERED THAT the period of time from May 15, 2023, through July 10, 2023, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.  In addition, the time period of May 15, 2023 through July 10, 2023, inclusive, is further deemed excludable pursuant to 18 U.S.C. § 3161(h)(1)(D) because it results from "any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion."

IT IS SO ORDERED.

Dated:   April 17, 2023

_____
UNITED STATES DISTRICT JUDGE